COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION ___
CIVIL ACTION NO. 10-CI-_1063_

BOARD OF EDUCATION OF FAYETTE
COUNTY, KENTUCKY, a body politic
and corporate; and STU SILBERMAN, in
his Official Capacity as Superintendent of
the FAYETTE COUNTY PUBLIC SCHOOLS                                    PLAINTIFFS

VS.                     **PETITION FOR
                        JUDICIAL REVIEW
                        OF FINAL ORDER**

TERRY HOLLIDAY, Ph.D., in his Official
Capacity as COMMISSIONER OF EDUCATION

    SERVE:    Jack Conway, Esq.
                     Attorney General
                     116 Capitol Building
                     Frankfort, Kentucky 40601

and

CHILDREN'S LAW CENTER, INC.
(NORTHERN KENTUCKY CHILDREN'S
LAW CENTER)                                                           DEFENDANTS

    SERVE:    Joshua B. Crabtree
                     1002 Russell Street
                     Covington, Kentucky 41011

** ** ** ** ** ** ** **

Come the Plaintiffs, Board of Education of Fayette County, Kentucky, a body politic and corporate; and Stu Silberman, in his official capacity as Superintendent of the Fayette County Public Schools, and for their causes of action herein state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter pursuant to KRS 23A.010 and KRS 13B.140. Venue is proper pursuant to KRS 452.405, KRS 452.460, and/or KRS 452.480, and KRS 13B.140(1).

## PARTIES

2. The Plaintiff Board of Education of Fayette County, Kentucky, is a public body corporate and politic pursuant to KRS 160.160. Stu Silberman, as the Superintendent of the Fayette County Public Schools (FCPS), is the executive agent of the Board of Education pursuant to KRS 160.370.

3. Terry Holliday, Ph.D., is the Commissioner of Education, Kentucky Department of Education, Capital Plaza Tower, 500 Mero Street, Frankfort, Kentucky, and as such is the chief administrative officer of the Kentucky Department of Education, which agency has statewide duties for exceptional children education programs pursuant to KRS 157.224. Dr. Holliday, as Commissioner of Education, is the final decision maker under the State Complaint Procedures pursuant to 707 KAR 1:340, Section 7, and 34 C.F.R. §§300.151-300.153 for addressing issues relating to educational services for children identified or who are subject to being identified with a disability under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 *et seq.*, and State law, KRS 157.200, *et seq.* Dr. Holliday is also the agency head as defined under KRS 13B.010(4). He is sued in his official capacity.

4. Children's Law Center, Inc., a nonprofit Kentucky corporation, is an organization that served as a complainant under the State Complaint Procedures referenced in ¶3, *supra.* Through the course of the administrative proceeding below, the Plaintiffs did not

2

receive any information to indicate the existence of an attorney-client relationship between the Children's Law Center, Inc., and any student identified in the final order of Defendant Holliday described in ¶10, *infra*.

5. The Children's Law Center, Inc., requested the Commissioner of Education to certify as two classes under the State Complaint Procedures referenced in ¶3, *supra*, to-wit:

a) a class represented by eight (8) individually named students and consists of all other FCPS middle and high school students who exhibit or manifest serious emotional and/or behavioral issues and who have been subjected to a pattern of disciplinary actions such as suspensions, referrals to juvenile court or placement in a FCPS alternative school program, and who FCPS has failed to timely identify, make a referral for suspected disability, or to evaluate for a suspected disability; and

b) a class represented by six (6) individually named students that consists of all other FCPS middle and high school students who have been identified as a child with a disability and who manifest certain behavior and who have been subjected to repeated disciplinary actions including alternative school programs or referrals to juvenile court.

## BACKGROUND FACTS

6. A letter dated February 24, 2009, from attorneys with the Children's Law Center, Inc. (CLC), to R. Larry Taylor, Director, Division of Exceptional Children Services (DECS), Kentucky Department of Education (KDE), was taken as a class complaint as well as a complaint regarding twelve (12) school-aged individuals, containing allegations that the FCPS

3

had committed multiple violations of the IDEA. A photocopy of the February 24, 2009, letter is attached hereto and marked as Attachment A.

7. The KDE addressed separately and on an individual basis, apart of any "class action" consideration, allegations relative to the twelve (12) named minors (students) and entered a recommended report as to those twelve (12) students with a final decision as to those twelve (12) being rendered by Commissioner Holliday on September 14, 2009, Decision #0809-C-17. The petition for judicial review of that final order is pending before Division VII of this Court, as Civil Action No. 09-CI-5458.

8. The administrative "class action" recommended report on the letter complaint dated February 24, 2009, was issued October 14, 2009, #0809-C-17A, by Renee Scott, Program Manager, Administrative Accountability Branch, Kentucky Department of Education.

9. Pursuant to 707 KAR 1:340, Section 7. State Complaint Procedures, (5), either CLC as the Complainant or the FCPS as the LEA (local educational agency) had a right to appeal the recommended report as to the "class action" complaint, referenced in ¶8, *supra*, to the Commissioner of Education within fifteen (15) business days of the receipt of the report. CLC and the FCPS each timely perfected such an appeal. The appeal for the FCPS constituted the exceptions to the administrative report referenced in ¶8, *supra*.

10. Under cover of a letter dated January 25, 2010, from Terry Holliday, Ph.D., Commissioner of Education, an Appeals Decision dated January 25, 2010, was issued, Decision #0809-C-17A, with no statement or finding as to any identified class or classes or any indication of specific individuals (present/former students enrolled in the FCPS schools) who

were representative of a class or classes. This Appeals Decision constituted a final order pursuant to KRS 13B.010(6). None of the twelve (12) individually named students in the February 24, 2009, letter complaint, ¶6, *supra*, were identified as representatives of any "class." Nevertheless, the Appeals Decision, *inter alia*, directed the FCPS to take specific action as to seventeen (17) individuals from among thirty-five (35) students discussed, none of whom were the original twelve (12) students referenced in the February 24, 2009, letter complaint. The Appeals Decision further directed the FCPS to:

> "**General Correction Actions:**
> In addition to the correction actions required for specific students, the district shall:
>
> 1. Appoint and train staff to review all student folders upon enrollment or transfer into or within the District. The staff shall be trained to identify documentation that would indicate a basis of knowledge that students are or may be students with disabilities;
>
> 2. The District shall develop and implement a process to review the folders of existing students who, in the last year:
> -had excessive suspensions;
> -were showing a pattern of repeated academic failure; or
> -were demonstrating a pattern of significant behavior problems.
>
> **In addition, training will be provided to administrators at Bryan Station High School, Crawford Middle School, Winburn Middle School and Martin Luther King Academy on alternatives to suspension. Other schools in the District may benefit from the training as deemed appropriate by FCPS.**
>
> By no later than August 30, 2010, the District shall submit documentation verifying compliance with these corrective actions to DECS."

11. It is from the Commissioner of Education's Appeals Decision to Complaint Number 0809-C-17A the Plaintiffs seek this judicial review. A photocopy of the Appeals Decision is attached hereto and marked as Attachment B. This document has been redacted to protect personally identifiable information as required under Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g and the Kentucky Family Education Rights and Privacy Act (KyFERPA), KRS 160.700, *et seq. See, also*, CR 7.03.

### CAUSES OF ACTION/STATEMENT OF GROUNDS FOR REVIEW

12. Plaintiffs Board of Education and Stu Silberman, Superintendent, incorporate herein by reference ¶¶1-11.

13. The final order of the Commissioner of Education constituted an adjudication of the legal rights and/or duties of named individuals, and the proceeding was required or permitted by statute or regulation. The KDE, DECS, and Commissioner of Education were required as a matter of law to follow KRS Chapter 13B and to the extent said statutory provisions were not followed, in whole or in part, the Plaintiffs were deprived of the right to fundamental due process of law so as to constitute a violation of Kentucky Constitution, §§ 1 and 2.

14. The Appeals Decision, *see* ¶11, *supra*, is arbitrary and capricious in violation of Section 2 of the Kentucky Constitution.

15. The State Complaint Procedures under State or Federal regulatory provisions are not subject to "class action" certification and subsequent determination such that the Appeals Decision is erroneous as a matter of law.

16. The KDE and Commissioner of Education failed to make any findings of fact to support a "certification" of one or more classes and moreover failed to identify an individual student or students as a representative of a defined class, or that the class was so

6

numerous that joinder of all members was impracticable, or that there were questions of law or fact common to the class, or that the claims of the representative parties were typical of a defined class, or that the representative parties would fairly and adequately protect the interests of the class.

17. The Appeals Decision, *see* ¶11, *supra*, is without support of substantial evidence on the whole record and is otherwise in violation of 20 U.S.C. §1400 *et seq.*, and alternatively otherwise is not consistent with the holding of the United States Court of Appeals for the Sixth Circuit in Board of Educ. of Fayette County, Ky. v. L.M., 478 F.3d 307 (6th Cir. 2007), as to referral for IDEA eligibility, the procedure for determining compensatory education award, or the requisite quantum of evidence on which an award of compensatory evidence must be based.

18. The Appeals Decision, *see* ¶11 , *supra*, is in violation of statutory and regulatory provisions; is in excess of statutory and regulatory authority; is without support of substantial evidence on the whole record; is arbitrary, capricious, and an abuse of discretion; and is deficient as otherwise provided by law.

19. The Appeals Decision, *see* ¶11, *supra*, rendered by Commissioner of Education Dr. Terry Holliday was in violation of KRS 13B.120.

20. The relief ordered, in whole or in part, is not supported by the findings of fact and conclusions of law, and to that extent constitutes an abuse of discretion and was done in excess of the statutory authority permitting or requiring the proceeding.

21. The relief ordered, in whole or in part, is vague and/or unintelligible, and to that extent is arbitrary and capricious and unenforceable.

22. The relief ordered, in whole or in part, is not supported by the findings of fact and conclusions of law, and to that extent is punitive rather than compensatory and therefore is beyond the scope of the enabling statutes and regulations.

23. A real and actual controversy exists between the parties to this action.

WHEREFORE, Plaintiffs Board of Education of Fayette County, Kentucky, and Stu Silberman, Superintendent, pray that:

    a.    the Court take jurisdiction of this matter;

    b.    the Court direct the Commissioner of Education to certify to the Clerk of the Fayette Circuit Court the administrative record;

    c.    the Court reverse and hold for naught the Appeals Decision; and

    d.    the Court render all other relief to which these Plaintiffs may appear entitled.

CHENOWETH LAW OFFICE
Robert L. Chenoweth
Grant R. Chenoweth
121 Bridge Street
Frankfort, Kentucky 40601
(502) 223-1121
(502) 223-2774 (fax)
chenoweth@kih.net

BY: _____
COUNSEL FOR PLAINTIFFS